# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 1:18-mc-00222-RM

JENNIFER BALES,

    Petitioner,

v.

QUEST USA CORP., et al.,

    Respondents.

---

# ORDER
---

This matter is before the Court on Petitioner's motion to quash Respondents' subpoena. (ECF No. 1.) Respondent Quest has filed an opposition to the motion (ECF No. 5), and Petitioner has filed a reply (ECF No. 8). The Court has reviewed the pleadings, case file, and applicable law. For the reasons stated below, the motion is granted.

## I.    BACKGROUND

Petitioner was patent counsel for PopSockets, LLC and facilitated the prosecution of a provisional patent application for a device intended to function as a mobile phone accessory. The provisional application and subsequently obtained patent are at the heart of a patent infringement action pending in the United States District Court for the Eastern District of New York. Although the provisional application initially named only one inventor, PopSockets later successfully petitioned to have it corrected to name two co-inventors. PopSockets then obtained a patent naming both co-inventors, which claims the benefit of priority from the provisional

application. Respondents have served Petitioner with a subpoena, seeking information about her preparation and filing of the provisional application on behalf of PopSockets.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 45 requires a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter (if no exception or waiver applies) or subjects a person to an undue burden. The movant bears the burden of persuasion in a motion to quash a subpoena. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007). But taking the deposition of opposing counsel is disfavored because it "disrupts the adversarial system and lowers the standards of the profession [and] adds to the already burdensome time and costs of litigation." *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995) (quotation omitted). Accordingly, "depositions of opposing counsel should be limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). A court generally has discretion to issue a protective order against the deposition of opposing counsel if any of these criteria are not met. *See id.* at 830.

## III. DISCUSSION

Petitioner first argues that even though she is not trial counsel for PopSockets in the underlying patent infringement case, the *Shelton* criteria are relevant here due to similar concerns about attorney-client privilege and work-product doctrine. The Court agrees that these factors provide a helpful framework for analyzing the subpoena at issue.

Respondent Qwest contends that if it does not depose Petitioner, it has no other means to determine the specific contribution of each co-inventor named in PopSocket's patent. But at the time Respondent Qwest filed its opposition to the motion to quash, it had deposed only one of the co-inventors, stating that it intended to depose the other one after the parties completed e-mail discovery. (ECF No. 5 at 7 n.2.) Under these circumstances, Respondent Qwest clearly had other means to obtain information about the respective contributions of the co-inventors.

Respondent Qwest also argues that this information is relevant to its defense that the patent at issue does not identify the correct inventors. But it has not explained how that would make a difference in the underlying litigation. Nor has Respondent Qwest shown that the information it seeks would not constitute privileged attorney-client communications or work product.

Finally, Respondent Qwest's assertion that the information is crucial to its case is unavailing because it has not shown that any claim or defense relating to the co-inventors is at issue in the underlying litigation or that such an issue would provide a basis to invalidate PopSocket's patent.

## IV. CONCLUSION

Therefore, Petitioner's motion to quash (ECF No. 1) is GRANTED.

DATED this 2nd day of April, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge